IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MARVIN DEAN GOODSON | § | |
| v. | § | CIVIL ACTION NO. 6:05cv240 |
| CLAY ROBERTSON, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Marvin Dean Goodson, proceeding *pro se*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights.  This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

After review of the record, the Magistrate Judge issued a Report on August 22, 2005, recommending that the Plaintiff's motion for leave to proceed *in forma pauperis* be denied and that the lawsuit be dismissed.  The Magistrate Judge noted that Goodson was well known to the Court, having filed numerous cases which were dismissed as frivolous or for failure to state a claim upon which relief could be granted.  As a result, Goodson is subject to the statutory bar imposed by 28 U.S.C. §1915(g), meaning that he cannot proceed *in forma pauperis* unless he is in imminent danger of serious physical injury.  Because Goodson did not pay the filing fee of $250.00 nor show that he is in imminent danger, the Magistrate Judge recommended that the lawsuit be dismissed with prejudice as to the refiling of the case *in forma pauperis*, but without prejudice to the refiling of the lawsuit without seeking *in forma pauperis* status and upon payment of the full filing fee.  The Magistrate Judge further recommended that should Goodson pay the full filing fee within 15 days

after the date of entry of dismissal, he should be allowed to proceed as though the full fee were paid from the outset.

Goodson filed objections to the Magistrate Judge's Report on September 6, 2005. These objections referred to the payments of initial partial filing fees for other lawsuits, but did not mention the Section 1915(g) bar nor allege that Goodson was in imminent danger of serious physical injury. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other documents and filings in the record. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motion for leave to proceed *in forma pauperis* is DENIED. It is further

ORDERED that the above-styled civil rights lawsuit be and hereby is DISMISSED with prejudice as to the refiling of the case *in forma pauperis*, but without prejudice to the refiling of the lawsuit without seeking *in forma pauperis* status and upon payment of the full filing fee. It is further

ORDERED that should Goodson pay the full filing fee within 15 days after the date of entry of dismissal, he shall be allowed to proceed as though the full fee were paid from the outset. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 28th day of September, 2005.**

_____
WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE